UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
August 15, 2006

IN RE: )
 )
HALE-HALSELL COMPANY, ) Case No. 04-11677-R
 ) Chapter 11
Debtor. )
 )
―――――――――――――――――――― )
 )
HALE-HALSELL COMPANY, )
 )
Plaintiff, ) Adv. No. 06-1157-R
 )
v. )
 )
DAISY BRAND, INC., )
 )
Defendant. )

## ORDER DENYING DEFENDANT'S
## MOTION TO DISMISS FOR FAILURE TO PROSECUTE

Before the Court is the Motion to Dismiss for Failure to Prosecute, Brief in Support Thereof, and Notice of Opportunity for Hearing ("Motion to Dismiss") (Adv. Doc. 10) filed by Defendant Daisy Brand, LP ("Daisy")[1] on June 26, 2006, and the Objection to Motion to Dismiss ("Objection") (Adv. Doc. 18) filed by Plaintiff Hale-Halsell Company ("Hale") on July 11, 2006.

**Jurisdiction**

The Court has jurisdiction of this "core" proceeding by virtue of 28 U.S.C. §§ 1334, 157(a), and 157(b)(2)(F), and Local Civil Rule 84.1(a) of the United States District Court for the Northern District of Oklahoma.

―――――――――――

[1] Daisy Brand, LP is apparently the successor in interest to Daisy Brand, Inc. Motion to Dismiss at 1.

**Findings of fact**

On March 20, 2006, Hale filed a Complaint to Avoid Preferential Transfers and to Recover Amount of Such Transfers ("Complaint") (Adv. Doc. 1), seeking to avoid and recover an alleged preferential payment of approximately $14,000 that Hale made to Daisy within ninety days of Hale's bankruptcy filing (the "Transfer"). On April 4, 2006, counsel for Hale, apparently responding to an inquiry by counsel for Daisy, communicated by e-mail that he was willing to review information offered by Daisy in support of Daisy's defenses to Hale's preference claim. E-Mail Correspondence attached to Motion to Dismiss as Exhibit B ("E-Mail"), at page 1. On April 5, 2006, counsel for Daisy sent counsel for Hale a letter containing information concerning invoices that Daisy contended were satisfied by the Transfer and a chart that allegedly identified dates that Hale paid Daisy's invoices during the year prior to the Transfer and that calculated the number of days between the date of the invoice and the date of payment by Hale, apparently as evidence that the Transfer was made in the ordinary course of business between Hale and Daisy and according to ordinary business terms. In light of this "evidence," counsel for Daisy requested that Hale dismiss the Complaint. Letter dated April 5, 2006, attached to the Motion to Dismiss as Exhibit A.

On April 17, 2006, counsel for Hale agreed to extend Daisy's answer date to May 10, 2006. E-Mail, Exhibit B, at page 2. Daisy did not file a request that the Clerk of the Court grant an automatic extension of time to file an answer, nor did it obtain an order extending the time to file an answer from the Court. See Bankr. N.D. Okla. LR 7012. The Court notes that consent of counsel for the opposing party to an extension of time to file an answer does

not excuse a defendant from filing an answer or from seeking leave of Court to file an answer out of time. Obtaining the consent of a plaintiff to an extension of time to file an answer merely permits a defendant to represent to the Court that its extension request is unopposed. In any event, as of May 5, 2006, counsel for Daisy had not obtained a response from counsel for Hale regarding Hale's intention to pursue the claim in light of Daisy's alleged ordinary course defense; consequently, he sent another e-mail to counsel for Hale stating that he did not want to file an answer but would have to if the claim was not resolved by May 8th. E-Mail, Exhibit B, at page 4-5. In an e-mail response dated May 8, 2006, counsel for Hale stated that he had "no problem with a 2nd extension of 10 days." E-Mail, Exhibit B, at page 4. Counsel for Daisy confirmed that Hale agreed to an extension of time to answer to May 20, 2006, and stated that he was "available at your convenience to discuss the alleged preference identified in the complaint, and I look forward to resolving this matter with you." Id. On May 19, 2006, counsel for Hale wrote: "Sorry I have not gotten back to you. Don't worry about answering at this time. Let's try to get this matter resolved by next week." E-Mail, Exhibit B, at page 6. Counsel for Daisy responded that he was becoming frustrated with "the last minute extensions [which] are forcing my client to incur needless expense" and reported that he had drafted an answer but "would prefer to see this matter resolved." E-Mail, Exhibit B, at page 7. He requested and received Hale's agreement to further extend Daisy's answer deadline to June 20, 2006. Id.

On June 19, 2006, counsel for Hale advised counsel for Daisy not to file an answer on June 20th, stating "I will get this matter figured out by then and call you in the afternoon."

3

E-Mail, Exhibit B, at page 8.  Counsel for Hale also consented an extension of the answer date to June 25, 2006.  Id.  On June 23, 2006, counsel for Daisy advised counsel for Hale that June 25th was a Sunday, and that he "will file [his] responsive pleadings" on June 26, 2006.  Id.  On June 26, 2006, counsel for Daisy again expressed dismay that Hale had not yet provided Daisy with its position on Daisy's ordinary course defense or taken any steps toward the resolution of the preference matter.  In response, counsel for Hale stated: "You probably just need to file an answer.  I have been having trouble communicating with those with the decision making authority."  E-Mail, Exhibit B, at page 10.

On June 26, 2006, Daisy filed its Motion to Dismiss as well as its Original Answer Subject to Motion to Dismiss (Adv. Doc. 12).

**Conclusions of law**

In its Motion to Dismiss, Daisy asserts that because its "efforts to resolve this matter have been met with absolute silence from Plaintiff," "[a]fter three months of Plaintiff's failure to either negotiate or litigate, this adversary proceeding should be dismissed with prejudice" pursuant to Rule 41(b) of the Federal Rules of Civil Procedure (made applicable to this adversary proceeding by Bankruptcy Rule 7041) ("Rule 41(b)").  Motion to Dismiss at ¶¶ 2, 17.

Rule 41(b) provides in pertinent part that a defendant may move for dismissal of an action for the "failure of the plaintiff to prosecute."  See Fed. R. Civ. P. 41(b).  Dismissal for failure to prosecute "is a harsh sanction and should be resorted to only in extreme cases."  Davis v. Operation Amigo, Inc., 378 F.2d 101, 103 (10th Cir. 1967).  "The judge must be ever

4

mindful that the policy of the law favors the hearing of a litigant's claim upon the merits." Id. "No precise rule can be laid down as to what circumstances justify a dismissal for failure to prosecute but the procedural history of each case must be examined in order to make such determination." Id. See also Petty v. Manpower, Inc., 591 F.2d 615, 617 (10th Cir. 1979); S.E.C. v. Power Resources Corp., 495 F.2d 297, 298 (10th Cir. 1974) ("no precise rule" for determining what conduct constitutes a failure to prosecute; a review of the procedural history of the case is required).

The Court notes that Hale had no obligation under any statute, rule or order to negotiate a settlement with Daisy or to dismiss the adversary proceeding based upon the unverified information contained in Daisy's demand letter, while Daisy, having failed to obtain an order otherwise, had an obligation to file a responsive pleading to Hale's Complaint, regardless of Hale's counsel's consent to numerous extensions of time.[2]  Once Daisy finally filed its answer to Hale's Complaint (out of time and without leave of Court), the parties participated in a Rule 26 conference and Hale served discovery requests on Daisy. See Objection at 3, ¶ 14. There is no evidence that Hale has failed to prosecute this adversary proceeding in a timely manner.[3]

---

[2] Daisy correctly observes that at one point, the Court became concerned about the lack of progress in this adversary proceeding and required Hale to file a status report. Since the docket sheet reflected the absence of an answer or other responsive pleading, and no request for an extension of time to file a responsive pleading had been made, the Court sought to learn whether a motion for default judgment would be forthcoming.

[3] Because Hale did not violate any rule or order, the Court does not believe that the Ehrenhaus factors, cited by Daisy, are relevant to the Motion to Dismiss. Motion to Dismiss at ¶ 18 and n.6, *citing* Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994), *quoting* Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992). In Ehrenhaus, the trial court

The Court believes that it would be an abuse of the discretion granted under Rule 41(b) to dismiss this adversary proceeding for failure to prosecute solely because Hale chose not to dismiss or settle the matter two and one-half months after informally receiving information that Daisy intended to use to justify one of its defenses. See, e.g., Hollis v. United States, 744 F.2d 1430, 1433 (10th Cir. 1984) (dismissing a case in its early stages for failure to timely file an amended complaint was abuse of discretion); Davis v. Operation Amigo, Inc., 378 F.2d 101, 104 (10th Cir. 1967) (dismissal for want of prosecution less than four months after case was filed was abuse of discretion where plaintiff failed to attend trial after the trial court refused plaintiff's request for continuance of trial due to plaintiff's illness); Meeker v. Rizley, 324 F.2d 269, 271 (10th Cir. 1963) (in an action that had been pending less than four months, dismissal for lack of prosecution was abuse of discretion where only infraction was counsel's failure to appear for a pretrial hearing). Moreover, because Hale is a fiduciary and is required to carefully consider and prove to the Court (and to creditors) that its decision to settle or dismiss a claim is in the best interests of the estate,

---

dismissed plaintiff's case as a discovery sanction under Rule 37(b) of the Federal Rules of Civil Procedure after plaintiff failed to obey a court order requiring his attendance at a deposition. In determining whether dismissal was appropriate, the Tenth Circuit assessed the culpability of the litigant, prejudice to the defendant, interference in the judicial process, efficacy of lesser sanctions, and whether the plaintiff was adequately warned that the misconduct would result in dismissal. Ehrenhaus, 965 F.2d at 921. In Mobley, the Tenth Circuit extended the consideration of the Ehrenhaus factors to dismissals under Rule 41(b) for a plaintiff's failure to obey an order of the court that was not a discovery order. The Court has not found a published Tenth Circuit case that requires the application of these factors when evaluating a request for dismissal under Rule 41(b) for failure to prosecute.

In any event, because the Court rejects the factual allegation that Hale has failed to prosecute this adversary proceeding in a timely manner, there is no need to assess whether Hale's alleged conduct was culpable, prejudicial or sanctionable.

it is understandable that Hale would be reluctant to compromise a claim prior to conducting some formal discovery. See Bankruptcy Rule 9019.[4]

The Motion to Dismiss is therefore denied.

**SO ORDERED** this 15th day of August, 2006.

DANA L. RASURE
UNITED STATES BANKRUPTCY JUDGE

---

[4]The Court encourages the early settlement of disputes and the dismissal of claims that lack factual support or legal merit, and the Court appreciates and commends the efforts that counsel for Daisy made in seeking an early resolution of the matter in order to minimize Daisy's and the estate's legal fees. The Court also understands Daisy's counsel's frustration that Hale was unresponsive when it appeared to counsel for Daisy that this matter was easily resolvable. However, it appears that Hale ultimately determined that some formal discovery was warranted before it could make a decision regarding the strength of its claim and of Daisy's defenses. The Court does not condone Hale's failure to adequately communicate its intentions, but does not find that its belated response to Daisy's overture was unduly prejudicial to Daisy.

7